IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PAINTEQ, LLC<br>  *Plaintiff*,<br><br>vs.<br><br>NORTH HOUSTON SURGICAL HOSPITAL, LLC<br>  *Defendant*. | § § § § § § § § |

      Civil Action No. 4:21-cv-01339

**DEFENDANT'S ORIGINAL ANSWER, VERIFIED DENIAL,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

COMES NOW, Defendant North Houston Surgical Hospital, LLC ("NHSH"), and submits this Original Answer to Plaintiff PainTEQ, LLC's ("PainTEQ") Verified Complaint (Doc. No. 1).

**RESPONSE TO NUMBERED ALLEGATIONS**

Defendant responds to the numbered allegations in the Plaintiff's Verified Complaint ("Complaint") as follows. All allegations not expressly admitted are hereby denied.

1. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 1 of Plaintiff's Complaint, and therefore, leaves Plaintiff to its' burden of proof.

2. Defendant admits the allegations in paragraph 2 of Plaintiff's Complaint.

3. Defendant does not contest subject matter jurisdiction.

4. Defendant does not contest personal jurisdiction.

5. Defendant does not contest venue.

6. Paragraph 6 sets forth allegations that do not require a response by Defendant. To the extent a response is necessary, Defendant denies the allegations and legal conclusions stated in paragraph 6 of Plaintiff's Complaint.

1

7. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 7 of Plaintiff's Complaint, and therefore, leaves Plaintiff to its' burden of proof.

8. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 1 of Plaintiff's Complaint, and therefore, leaves Plaintiff to its' burden of proof.

9. Defendant admits only that the referenced Customer Account Setup Form ("Account Setup Form") is a document that speaks for itself.

10. Defendant admits only that the referenced Account Setup Form is a document that speaks for itself. Otherwise, the allegations in paragraph 10 of Plaintiff's Complaint are denied.

11. Defendant admits only that the referenced Account Setup Form is a document that speaks for itself. Otherwise, the allegations in paragraph 11 of Plaintiff's Complaint are denied.

12. Defendant admits only that the referenced Pricing Agreement and Nondisclosure Form ("Pricing Agreement") is a document that speaks for itself.

13. Defendant admits only that the referenced Pricing Agreement is a document that speaks for itself. Otherwise, the allegations in paragraph 13 of Plaintiff's Complaint are denied.

14. Defendant denies the allegations in paragraph 14 of Plaintiff's Complaint.

15. Defendant admits the allegations in paragraph 15 of Plaintiff's Complaint.

16. Defendant admits only that PainTEQ sent, and NHSH received and paid three (3) invoices for LinQ systems, for $[redacted] for each LinQ system, totaling $[redacted]. Defendant denies the remaining allegations and legal conclusions in paragraph 16 of Plaintiff's Complaint.

17. Defendant admits the allegations in paragraph 17 of Plaintiff's Complaint.

18. Defendant admits only that the referenced Invoices are documents that speak for themselves.

19. Defendant admits only that PainTEQ sent NHSH 44 invoices for 44 LinQ Systems. Defendant denies the remaining allegations and legal conclusions in paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations and legal conclusions in paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations in paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations in paragraph 22 of Plaintiff's Complaint.

23. Defendant admits only that the referenced invoices are documents that speak for themselves. Otherwise, the allegations in paragraph 23 of Plaintiff's Complaint are denied.

24. Defendant admits only that the referenced account statement is a document that speaks for itself. Otherwise, the allegations in paragraph 24 of Plaintiff's Complaint are denied.

25. Defendant denies the allegations and legal conclusions in paragraph 25 of Plaintiff's Complaint.

26. Defendant admits the allegations in paragraph 26 of Plaintiff's Complaint.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of Plaintiff's Complaint and, therefore, leaves Plaintiff to its' burden of proof.

28. Defendant denies the allegations and legal conclusions in paragraph 28 of Plaintiff's Complaint.

**COUNT ONE: BREACH OF CONTRACT**

29. Defendant incorporates and re-alleges the responses set forth in paragraph(s) 1-26 above.

30. Defendant admits the allegations in paragraph 30 of Plaintiff's Complaint.

31. Defendant admits only that the referenced Account Setup Form and Pricing Agreement are documents that speak for themselves. Otherwise, Defendant denies the allegations and legal conclusions in paragraph 31 of Plaintiff's Complaint.

32. Defendant denies the allegations and legal conclusions in paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the allegations and legal conclusions in paragraph 33 of Plaintiff's Complaint.

34. Defendant denies the allegations and legal conclusions in paragraph 34 of Plaintiff's Complaint.

35. Defendant denies the allegations and legal conclusions in paragraph 35 of Plaintiff's Complaint.

36. Defendant admits only that the referenced Account Setup Form and Pricing Agreement are documents that speak for themselves. Otherwise, Defendant denies the allegations and legal conclusions in paragraph 36 of Plaintiff's Complaint.

**COUNT TWO: SUIT ON A SWORN ACCOUNT**

37. Defendant incorporates and re-alleges the responses set forth in paragraph(s) 1-26 above.

38. Defendant admits the allegations in paragraph 38 of Plaintiff's Complaint.

39. Defendant denies the allegations in paragraph 39 of Plaintiff's Complaint. Specifically, Defendant denies that it agreed to pay PainTEQ $▮▮▮▮ each for 44 LinQ Systems.

40. Defendant denies the allegations and legal conclusions in paragraph 40 of Plaintiff's Complaint.

41. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of Plaintiff's Complaint and, therefore, leaves Plaintiff to its burden of proof. Otherwise, Defendant denies the allegations in paragraph 41 of Plaintiff's Complaint.

42. Defendant denies the allegations and legal conclusions in paragraph 42 of Plaintiff's Complaint. Specifically, Defendant denies that the account is just and in accordance with an alleged agreement between Defendant and PainTEQ.

43. Defendant denies the allegations in paragraph 43 of Plaintiff's Complaint. Specifically, Defendant denies that Plaintiff is owed $██████ for the 44 LinQ Systems.

## COUNT THREE: UNJUST ENRICHMENT

44. Defendant incorporates and re-alleges the responses set forth in paragraph(s) 1-26 above.

45. The allegations in paragraph 45 consist of a legal conclusion to which no response is necessary. Defendant admits only that Plaintiff has asserted a claim for unjust enrichment against Defendant.

46. Defendant admits the allegations and legal conclusions in paragraph 46 of Plaintiff's Complaint.

47. Defendant admits the allegations and legal conclusions in paragraph 47 of Plaintiff's Complaint.

48. Defendant admits the allegations and legal conclusions in paragraph 48 of Plaintiff's Complaint.

49. Defendant admits the allegations and legal conclusions in paragraph 49 of Plaintiff's Complaint.

50. Defendant denies the allegations and legal conclusions in paragraph 50 of Plaintiff's Complaint. Specifically, Defendant denies that the net value of the LinQ systems provided by PainTEQ is $■■■■.

51. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of Plaintiff's Complaint and, therefore, leaves Plaintiff to its burden of proof. Otherwise, Defendant denies the allegations and legal conclusions in paragraph 51 of Plaintiff's Complaint.

52. Defendant denies the allegations and legal conclusions in paragraph 52 of Plaintiff's Complaint, including its subparts. Specifically, Defendant denies that Plaintiff is entitled to any of the relief sought in this paragraph.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, and/or ratification.

2. Plaintiff's claims are barred, in whole or in part, insofar as Plaintiff consented to the acts it has alleged as breaches of contract.

3. Plaintiff's claims are barred, in whole or in part, because the agreements upon which Plaintiff brings suit applied to the first three purchases only, and the Parties had an agreement that future purchases would be at a lower amount per unit based on volume. The Parties thereafter reached an agreement whereby Defendant would pay Plaintiff $■■■■ per each LinQ system provided by Plaintiff. Plaintiff then reneged on such agreement and brought this suit.

4. Defendant concedes that it agreed to pay $■■■■ for each LinQ system purchased. Defendant further alleges that $■■■■ per unit exceeds the fair value of the LinQ system unit.

5. The "agreements" referenced in Plaintiff's Complaint tell only half the story. Plaintiff and Defendant agreed that the $■■■■ per unit price would apply only to the three test

units. Defendant paid $▮ for each of three test units. The Parties further agreed that pricing on subsequent units would be based on the volume purchased and be subject to future agreement once volume was established. Thereafter, the Parties agreed to $▮ per unit despite the fact that Defendant could obtain similar products from other distributors and/or manufacturers for substantially less.

6. After agreeing to the $▮ per unit price, Plaintiff unilaterally changed the deal and tried to force Defendant to agree to buy unreasonable and unnecessary volumes of the LinQ system. Defendant refused to give into Plaintiff's pressure tactics. The parties agreed to $▮ for the forty-four (44) units at issue. Defendant concedes it owes Plaintiff $▮, however, Plaintiff refuses to accept such amount in full satisfaction of its claims.

## ORIGINAL COUNTERCLAIM

North Houston Surgical Hospital, LLC ("NHSH") files this counterclaim against PainTEQ, LLC ("PainTEQ") and would respectfully show the Court as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Counter-claimant NHSH is a Texas limited liability company with its principal place of business located in Houston, Texas.

2. Counter-defendant PainTEQ is a Florida limited liability company with its principal place of business in Tampa, Florida.

3. The Court has subject matter jurisdiction under 28 U.S.C. § 1332 (diversity of jurisdiction) because NHSH and PainTEQ are completely diverse in citizenship and the sum or value of the matter in controversy exceeds $75,000, exclusive of interest and costs.

4. This Court has personal jurisdiction over PainTEQ because it transacts business in Texas and in this district.

5. Venue is proper in this District under 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to NHSH's claims occurred in this District.

**FACTUAL BACKGROUND**

6. NHSH operates a surgical hospital in Houston, Texas.

7. In May 2020, NHSH and PainTEQ entered into an agreement whereby NHSH agreed to purchase three (3) test units of PainTEQ's LinQ Sacroiliac Joint Fusion System ("LinQ System") for $▮ each. The Parties agreed that future purchases of the LinQ System would be at a reduced rate once volume was known.

8. NHSH paid PainTEQ $▮ each for the three (3) test units provided.

9. PainTEQ then provided forty-four (44) additional LinQ Systems. Based on this volume, the Parties agreed that NHSH would pay PainTEQ $▮ per unit. The reduced rate for the LinQ Systems was not contingent on specific volume requirements.

10. Thereafter, PainTEQ unilaterally modified the terms of the Parties' agreement by imposing unreasonable and unnecessary volume requirements on NHSH.

11. NHSH performed its obligations under the contract by paying PainTEQ $▮ each for the three (3) test units. PainTEQ breached its obligations to NHSH when it insisted that NHSH pay $▮ each for the additional forty-four (44) LinQ systems, rather than the agreed price of $▮ per unit.

12. PainTEQ further breached its obligations to NHSH by unilaterally imposing unnecessary and unreasonable volume requirements on NHSH.

13. NHSH has engaged the undersigned law firm to represent it in this action and is obligated to pay a reasonable fee for its services.

14. All conditions precedent to maintaining this action have occurred, been performed, or have been waived.

## BREACH OF CONTRACT

15. This is an action against PainTEQ for breach of contract.

16. NHSH and PainTEQ entered into an agreement wherein NHSH agreed to pay PainTEQ $ ▮ for the first three (3) LinQ systems only. NHSH paid PainTEQ $ ▮ each for the three (3) test units.

17. The Parties thereafter agreed that future units purchased by NHSH would be at the reduced rate of $ ▮ per unit. Despite this agreement, PainTEQ has continued to insist that NHSH pay $ ▮ each for the 44 LinQ systems sent to NHSH.

18. Further, PainTEQ unilaterally modified the Parties' agreement by attempting to force unreasonable and unnecessary volume requirements on NHSH.

19. PainTEQ materially breached its agreement with NHSH by insisting that NHSH pay $ ▮ each for the additional forty-four (44) LinQ systems, rather than the agreed rate of $ ▮ per unit.

20. PainTEQ further breached its' agreement with NHSH by unilaterally imposing volume requirements for the LinQ Systems on NHSH.

21. As a result of PainTEQ's breaches, NHSH has suffered actual damages, plus consequential and other damages flowing from PainTEQ's breaches in an amount to be determined at trial, plus attorneys' fees, costs, and interest.

## JURY DEMAND

22. Defendant/Counter-Plaintiff NHSH hereby demands a jury trial on all triable issues.

## CONCLUSION

WHEREFORE, Defendant North Houston Surgical Hospital, LLC requests that upon final hearing in this matter, Plaintiff takes nothing and that the Court grant such other and further relief to which North Houston Surgical Hospital, LLC may be justly entitled, including attorney's fees and costs.

Respectfully submitted,

**HAWASH CICACK & GASTON LLP**

*/s/ Walter J. Cicack*
Walter J. Cicack
Federal Bar No. 8094
Texas Bar No. 04250535
wcicack@hcgllp.com
The Clocktower Building
3401 Allen Parkway, Suite 200
Houston, Texas 77019
(713) 658-9015 – tel/fax

**Attorney-in-Charge for Defendant North Houston Surgical Hospital, LLC**

OF COUNSEL:

Korri D. Bryant
Federal Bar No. 2980003
Texas Bar No. 24097627
kbryant@hcgllp.com
HAWASH CICACK & GASTON LLP
3401 Allen Parkway, Suite 200
Houston, Texas 77019
(713) 658-9015 – tel/fax

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on all counsel of record on May 18, 2021, through the CM/ECF system.

*/s/ Walter J. Cicack*
Walter J. Cicack